OVERSHINER
vs
COMMONWEALTH

*Guthrie* for appellant.

INDICTMENT.

Case 114.

May 11.

## Overshiner *vs* Commonwealth.

ERROR TO THE CHRISTIAN CIRCUIT.

*Indictments and presentments.    Tipling houses.*

JUDGE EWING delivered the Opinion of the Court.

THIS is an indictment against Overshiner for keeping a tipling house.   The indictment charges that the appellant did, on a named day, "keep a tipling house, by then and there selling, by the small, and by retail, in said tipling house, divers quantities of spirituous liquors, to-wit: whiskey, brandy, rum, gin, wine, &c. to divers persons' to the jurors unknown, and by then and there permitting the same to be drank in said tipling house, he the said Overshiner, not then and there being a licensed tavern keeper."

An indictment, charging the *selling of spirituous liquors by retail, and permitting it to be drank in the house of the seller,* is good, and though a presentment might lie, an indictment will also; in which the Court may assess the fine, as upon a presentment. The signing after the words a *true bill* by the foreman of the grand jury is sufficient.

The indictment, with sufficient certainty, charges those acts which constitute the keeping a tipling house.   It not only charges the selling spirituous liquors by · retail, but also the *permitting the same to be drank in the house,* and in this latter specification, differs from the case of *Woods, &c.* vs *The Commonwealth,* (1 *Ben. Mon.* 74,) in which the *selling* by retail only, was specified.   And if it were conceded that the offence charged is one for which a presentment might be maintained, it would not follow that an indictment would not also be good.   An indictment embraces all the requisites of a good presentment, and even more, namely, the signature of the attorney for the Commonwealth, which cannot render it bad as a present- ment.   Nor can the fact that an indictment has been found for an offence for which a presentment would lie, prevent the Court from assessing the fine without the in- tervention of a jury, in any case, in which he could as-

sess it upon a presentment. Nor is the objection that the foreman of the grand jury has signed the indictment under the words "a true bill," indorsed on the same, sustainable. The statute of 1814, (*Stat. Law 1st*, 541,) according to its grammatical construction, requires indictments as well as presentments, to be *signed* by the foreman, it does not direct *where* the signature is to be placed; and though it may be implied that it was intended to be placed at the foot of the presentment or indictment, as the object of the signature was to show to the Court that it had been passed upon and found by the grand jury, this is as well shown by an indorsement of his sig] nature as by placing it at the foot of the indictment, and either form, we have no doubt, will suffice.

There being no error in the record, it is the opinion of the Court that the motion to set aside the non-suit be overruled.

*Monroe* for plaintiff; *Cates, Attorney General*, for Commonwealth.